

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JUDITH CHANDLER,<br><br>Debtor. | Case No. 22-00035<br>Chapter 13<br><br>Dkt. 71 |

### ORDER APPROVING
### APPLICATION FOR COMPENSATION

Edward D. Magauran, attorney for chapter 13 debtor Judith Chandler, filed an application for compensation. Ms. Chandler and Creditors Allison Leigh Bryant and Karl Arthur Bryant have responded.

I have reviewed the time records submitted by Mr. Magauran and I find that the tasks he undertook and the time he expended were reasonable in the circumstances of this case. The fees are unusually high, but this is an

unusually contentious case. I also find that his hourly rate is reasonable and comparable to the rates typically charged in this district by attorneys with skill and experience comparable to Mr. Magauran. The fee that Mr. Magauran requests is about twenty percent less than the product of the hours he expended and his hourly rate. This discount is prudent and commendable.

Ms. Chandler does not dispute Mr. Magauran's hourly rate or any of his specific charges. Rather she takes issue with some of the assistance and advice he gave her.

First, she says that he did not adequately help her to connect to her meeting of creditors via videoconferencing. I see no indication in the time records that this issue increased Mr. Magauran's fees by an appreciable amount. Further, I do not think that Mr. Magauran has breached a duty to Ms. Chambers in this respect. Like all debtors, Ms. Chambers was obligated to attend the meeting of creditors. The debtor's attorney must tell the debtor about the debtor's duties but usually cannot eliminate physical or technological barriers to the debtor's performance of those duties.

2

Second, she claims that Mr. Magauran incorrectly said that she had three ways to fund her plan and pay off her debts – by obtaining a refinancing loan on her home, obtaining a reverse mortgage, or selling her home. She claims that the first of these options is unavailable because "applying for a refinancing for a home is not an option if the party to the refinancing is in bankruptcy . . . ." Ms. Chandler is simply mistaken: I have presided over many cases in which a chapter 13 debtor refinanced a residential mortgage loan. While it is not easy, it is not impossible. Further, a reverser mortgage, which Ms. Chandler did secure, is a loan transaction very similar to refinancing. Ms. Chandler does not explain why a reverse mortgage is possible while a refinancing is not.

Third, Ms. Chandler claims that Mr. Magauran did not explain to her that she could object to the claim filed by the Bryants. Pursuant to the Local Form for Rights and Responsibilities of Chapter 13 Debtors and Attorneys, Mr. Magauran agreed to "[o]bject to improper or invalid claims, if necessary . . . ." Mr. Magauran has not breached a duty to Ms. Chandler for two reasons. First, Ms. Chandler (representing herself) filed an objection to

3

the Bryants' claim; even if Mr. Magauran did not tell her about claim objections, she was able to file an objection anyway. Second, even if Mr. Magauran did not tell Ms. Chandler about claims objections, that alleged failure did not harm her because she had no meritorious basis for an objection. The Bryants' claim is based upon an underlying state court judgment, so the *Rooker-Feldman* doctrine and the principles of claim and issue preclusion bar relitigation of these issues. (Since the hearing on the fee application, I have overruled Ms. Chandler's claim objection on those grounds.) Mr. Magauran owes a duty to object to "improper or invalid claims," but the Bryants' claim is neither improper nor invalid.

Finally, Ms. Chandler disagrees with advice she received from Mr. Magauran that she repay her tax debt out of the proceeds of her reverse mortgage. She says that, instead, she has begun paying that debt in installments to avoid interest. Ms. Chandler's position is incorrect for several reasons, the most important of which is the fact that post-petition interest does not accrue on priority tax claims.

The Bryants object to Mr. Magauran's application only if the

allowance of the requested compensation would decrease the payment on their claims. At a hearing on October 4, 2022, the court orally approved a reverse mortgage transaction on the condition that the first draw under the reverse mortgage be used to pay all claims and administrative expenses in full. Therefore, if the reverse mortgage transaction is completed, the Bryants will be paid in full. Even if that transaction does not occur, there is probably more than enough equity in Ms. Chandler's home to assure full payment of all claims. In any event, I have carefully considered the Bryants' specific objections and I find that Mr. Magauran's requested fees are reasonable.

The objections to the application are overruled and the application is approved and allowed as filed. Mr. Magauran must submit a form of order.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #22-00035   Dkt # 92   Filed 10/05/22   Page 5 of 5